**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1741-17T3

MTGLQ INVESTORS, LP,

 Plaintiff-Respondent,

v.

BETH LASCH,

 Defendant-Appellant,

and

TINDALL HOUSE, LLC,
JPMORGAN CHASE BANK, NA,
and STATE OF NEW JERSEY,

 Defendants.

_____

   Submitted March 7, 2019 – Decided March 25, 2019

   Before Judges Simonelli and Whipple.

   On appeal from Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-058578-10.

   Beth Lasch, appellant pro se.

Fein, Such, Kahn & Shepard, PC, attorneys for respondent (Douglas J. McDonough, on the brief).

PER CURIAM

In this residential foreclosure matter, defendant Beth Lasch appeals from the October 24, 2017 final judgment and the March 29, 2018 order denying her motion for reconsideration of the February 2, 2018 order denying her motion for a stay pending appeal. We affirm.

On June 15, 2005, defendant executed a note to Washington Mutual Bank, FA (WaMu) in the amount of $296,000. To secure payment of the note, defendant executed a mortgage on her property in Middletown to WaMu. The mortgage was recorded with the Monmouth County Clerk on July 27, 2005. On October 19, 2006, defendant transferred title to the property to defendant Tindall House, LLC (Tindall), a business entity she apparently solely owned and operated. Defendant defaulted on May 1, 2009, and has made no payment since then.

JPMorgan Chase Bank, National Association (Chase) became successor in interest to Washington Mutual Bank, formerly known as WaMu. On October 28, 2010, Chase assigned the note and mortgage to Wells Fargo Bank, N.A. as Trustee for WaMu Mortgage Pass-Through Certificate Series 2006-PR1 Trust

(Wells Fargo).  On December 6, 2010, Wells Fargo filed a foreclosure complaint against defendant, Tindall, and other defendants.

On December 20, 2010, the Office of Foreclosure (OF), through the Mercer County Chancery Court, issued an order to show cause (OTSC) to numerous foreclosure plaintiffs, including Chase, to show cause why the court should not suspend the ministerial duties of the OF and the Superior Court Clerk's Office regarding the processing of certain uncontested residential mortgage foreclosure actions, stay Sheriffs' sales in those actions, appoint a special master pursuant to Rule 4:41-1 to investigate questionable foreclosure practices, and appoint an attorney to appear in support of the proposed relief. The OTSC effectively stayed many uncontested residential mortgage foreclosure proceedings pending in New Jersey.  At the time of the stay, defendant had not yet been served with the summons and complaint.

Concurrent with the stay, this court upheld a trial court ruling that a notice of intention to foreclose (NOI) that failed to strictly comply with the requirements of the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -73, rendered the NOI deficient and required the dismissal of the related foreclosure action.  Bank of New York v. Laks, 422 N.J. Super. 201, 212 (App. Div. 2011).

A-1741-17T3

Thereafter, our Supreme Court reversed, in part, the <u>Laks</u> ruling to the extent it held the failure to comply with the NOI requirements required dismissal of a foreclosure action. <u>U.S. Bank Nat'l Ass'n v. Gullaume</u>, 209 N.J. 449, 458 (2012). The Court issued an order authorizing certain General Equity judges to entertain summary action by OTSC as to why the plaintiffs in any uncontested residential foreclosure action filed on or before February 27, 2012 who served a NOI that were deficient under the FFA should not be allowed to serve a corrected NOI on defendant mortgagors and/or parties obligated on the debt.

Chase filed an OTSC and verified complaint, seeking authorization to send corrective NOIs. In the verified complaint, Chase identified Wells Fargo as one of the lenders on whose behalf Chase serviced loans and sought to send corrective NOIs. On November 5, 2013, Chase served a new NOI on defendant. The NOI identified Wells Fargo as the lender, provided Wells Fargo's address, and notified defendant that Chase serviced the loan on behalf of the lender.

On December 18, 2013, defendant filed an objection to Chase's OTSC. In a February 4, 2014 final order, the court overruled defendant's objection and authorized Chase to issue a corrective NOI in this matter.

Defendant failed to cure the default. Instead, she filed a contesting answer in the foreclosure matter, incorrectly listing Chase as the plaintiff. Plaintiff filed

a motion for summary judgment, which defendant opposed. On October 24, 2014, Judge Patricia Del Bueno Cleary entered an order granting Wells Fargo's motion, finding Wells Fargo had proven standing to foreclose. The judge struck defendant's answer and entered default against her.

On December 24, 2016, the matter was dismissed without prejudice for lack of prosecution. On January 31, 2017, Wells Fargo filed a motion to vacate the dismissal and reinstate the complaint, which it served on defendant. Judge Paul Innes entered an order on February 24, 2017, granting the motion. Prior thereto, Wells Fargo assigned the mortgage and note to plaintiff MTGLQ Investors, L.P. (hereinafter plaintiff). The assignment was recorded with the Monmouth County Clerk on November 1, 2016.

On February 17, 2017, Wells Fargo filed a motion to substitute plaintiff as the proper party in this matter, which it served on defendant. Judge Innes entered an order on March 13, 2017, granting the motion. Thereafter, plaintiff filed a motion for entry of final judgment, which defendant opposed. Judge Del Bueno Cleary entered an order on July 20, 2017, denying defendant's opposition and returning the application for final judgment to the OF for processing. The judge found defendant failed to establish a valid defense to the final judgment and there was no support for defendant's claim that the loan was paid in full

through WaMu related trusts and she only owed $1,417.25. The judge also rejected defendant's argument that Wells Fargo was not the lender.

Defendant filed a motion to dismiss, which Judge Del Bueno Cleary denied in an order entered on August 4, 2017. Defendant then filed a motion for reconsideration, which the judge denied in an order entered on September 29, 2107.

Judge Innes entered final judgment on October 24, 2017. Defendant thereafter filed an OTSC to require that plaintiff prove it was the actual lender and show the original chain of custody from the inception of the loan. On November 16, 2017, the OF entered an order denying the OTSC.

Defendant also filed a motion to stay the final judgment and any foreclosure proceeding pending appeal, which Judge Del Bueno Cleary denied in an order entered on February 2, 2018. Defendant then filed a motion to recuse the judge and for reconsideration, which the judge denied in an order entered on March 29, 2018.

Defendant filed emergent application to stay the Sheriff sale, which Judge Del Bueno Clearly denied in an order entered on February 26, 2018. The property was sold on March 5, 2018. On June 12, 2018, a Sheriff's Deed was

A-1741-17T3

issued for the property and recorded on June 29, 2018 on the Monmouth County Clerk's Office.

On appeal, defendant argues that the court erred in granting final judgment because she believed that Chase was the lender, not Wells Fargo, and plaintiff cannot obtain a final judgment because it was not a party to this case. Defendant also challenges the sufficiency of the corrective NOI, arguing it did not identify the true lender or provide the lender's contact information. We have considered defendant's arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons Judge Del Bueno Clearly expressed in her numerous rulings made in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1741-17T3